By the Court.—Freedman, J.
I am of the opinion that the verdict was properly directed and that the views expressed by the learned judge in making the direction were, in the main, correct. The case was one *337 of a special agency, under which the duty of seeing that the bills of exchange were fully covered by actual shipments of cotton and that the bills of lading were valid, was imposed upon the defendants; and under which bills of exchange purchased by the defendants for plaintiffs’ account, otherwise than in strict accordance with their authority, did not constitute a proper and legitimate charge against the plaintiffs, unless the violation of authority was clearly waived by the plaintiffs. There being no proof of such waiver, the defendants were justly held liable.
The question really was, whether the defendants could compel the plaintiffs to reimburse them for advances which they, the defendants, had made to Carr & Laun at a profit exclusively to themselves. They had a strong interest to accomplish this, if possible, but this interest was directly antagonistic to the discharge of their duty to the plaintiffs. The rule that an agent cannot bind his principal in a matter in which he, the agent, has secured to himself an interest, is well settled. In such a case the principal can repudiate the act of the agent whenever the facts come to his knowledge.
But, even if the liability of the defendants depended upon negligence, the verdict that has been directed might have been directed against them upon that ground. The evidence showed that throughout they transacted the business in the most careless manner. They advanced the moneys received from the plaintiffs for the purchase of bills of exchange drawn against actual shipments of cotton, and to be accompanied by valid bills of lading, to Carr & Laun, on no other security than receipts from Carr & Laun, pledging cotton to be purchased, and containing Carr & Laun’s promise of bills of exchange to be drawn in the indefinite future, and to be secured by the cotton that was to be purchased ; and, when they received what purported to be *338 bills of lading, they did not take the trouble to see whether such papers represented actual shipments of cotton. It was their negligence in these particulars which amounted to a breach of duty and occasioned the loss.
In either aspect of the case the defendants are liable to repay the amount of the bills of exchange, with interest.
The loss of the premium of insurance of $504 on the cotton shipped by the Flora was also caused by a breach of duty, or negligence, on the part of the defendants. They were bound to secure satisfactory proof “ of the actual effect of insurance.” But, when they took the bills, neither was the cotton insured nor did they take the trouble to ask whether it was insured or not. This shipment having resulted in a loss, irrespective of the amount paid for insurance, the sum of $504 is not chargeable against the plaintiffs.
Defendant’s exceptions should be overruled and judgment ordered for the plaintiff, on the verdict, with costs.
Speir, J., concurred; Sedgwick, J., concurred, on the ground first stated.